```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA

                   Alexandria Division

ERASMO ALVARADO-IBARRA,       )
                              )
     Petitioner,              )
                              )
          v.                  )
                              ) 1:11cr281
                              ) 1:13cv1349
UNITED STATES OF AMERICA,     )
                              )
     Respondent.              )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Erasmo Alvarado-Ibarra's ("Alvarado-Ibarra" or "Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "Motion"). [Dkt. 456.] For the following reasons, the Court will deny Petitioner's Motion.

**I.   Background**

A.   Factual Background

In June 2010, during an undercover operation, law enforcement officers learned that Petitioner's co-defendant Gregorio Delgado-Salinas was the head of a drug distribution ring operating in Washington, D.C. and Virginia. (Aff. in Supp. of Compl. [Dkt. 3] ¶ 7.) Subsequent investigation revealed that Delgado-Salinas used internal body couriers to smuggle cocaine from Mexico, which he would then distribute to customers

1

throughout northern Virginia.  On or about November 2010, Petitioner began working with Delgado-Salinas and distributing drugs as a part of his network.  (Gov't Resp. [Dkt. 467] at 2.)  Beginning in April 2011, Petitioner and two other individuals began distributing drugs received via internal body couriers, as well as stashes driven across the border, in their own criminal enterprise.  (Aff. in Supp. of Compl. ¶¶ 29, 30; Gov't Resp. at 2.)

      B.    Procedural Background

On August 8, 2011, an arrest warrant was filed against Petitioner.  [Dkt. 6.]  On August 11, 2011, the Court appointed Kimberly Jo Phillips ("Phillips") as CJA counsel for Petitioner.  [Dkt. 30.]  On October 5, 2011, the Government filed a Superseding Indictment.  [Dkt. 58.]  On November 2, 2011, Petitioner filed a pro se letter motion in reference to ineffective assistance of counsel.  [Dkt. 127.]  Phillips filed a response on November 4, 2011.  [Dkt. 128.]  On November 17, 2011, the Court denied Petitioner's letter motion.  [Dkt. 156.]

On November 16, 2011, Petitioner again filed a letter motion for new counsel, asserting that he was receiving ineffective assistance.  [Dkt. 155.]  On December 9, 2011, the Court denied Petitioner's motion.  [Dkt. 182.]  On January 4, 2012, Petitioner filed a motion to represent himself pro se.  [Dkt. 218.]  On January 17, 2012, the Court granted Petitioner's

motion to represent himself pro se. [Dkt. 222.] On February 7, 2012, Petitioner moved to withdraw his motion to represent himself, and requested that Phillips represent him. [Dkt. 261.] The Court granted Petitioner's motion, and reinstated Phillips as counsel. [Dkt. 261.]

Following a jury trial on February 8 and 9, 2012, Petitioner was convicted of one count of conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841, 846. [Dkt. 272.] The Court sentenced petitioner to 120 months' imprisonment. [Dkts. 379-380.] On October 30, 2013, Petitioner timely filed this action to vacate his sentence. [Dkt. 456.] On November 6, 2013, the Court ordered the Government to file an answer to the petition within twenty-three days. [Dkt. 459.] On November 27, 2013, the Government filed a motion to extend the time to file an answer. [Dkt. 464.] The Court granted this motion the same day and ordered the Government to file an answer by December 27, 2013. [Dkt. 465.] On December 27, 2013, the Government filed its response. [Dkt. 467.]

Petitioner's Motion is now before the Court.

## II. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the

3

United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  *See Hill v. United States*, 368 U.S. 424, 426-27 (1962).  To prevail on a § 2255 Motion, the petitioner bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

### III.  Analysis

Petitioner raises three arguments in his § 2255 Petition: (1) "ineffective assistance of counsel for not objecting" to a consolidated trial and consolidated appeal; (2) insufficient evidence; (3) ineffective assistance of counsel. (§ 2255 Petition "Pet." at 5.)  The Court will first address Petitioner's claim that his conviction was not supported by sufficient evidence.  The Court will then turn to his ineffective assistance claims.

#### A.   Insufficient Evidence

Petitioner states that there was insufficient evidence to support his conviction. (Pet. at 5.)  Plaintiff claims that there was "no evidence presented linking myself to this crime, other than supposed 'pictures' posted on social media." (Pet. at 5.)  The Fourth Circuit has heard and decided this claim on the merits.  The Fourth Circuit noted Petitioner's challenge to the social media evidence, but nevertheless found that "ample

4

evidence existed to support Alvarado-Ibarra's conviction regardless of the contested evidence." *United States v. Alvarado-Ibarra*, 519 F. App'x 814, 817 (4th Cir. 2013).  Once an issue has been fully considered and decided by the court of appeals, the defendant cannot relitigate the issue before this Court under § 2255.  *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[Petitioner] will not be allowed to recast, under the guise of collateral attack, questions fully considered by this court. . . ."); *United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues.").  Accordingly, this claim fails.

      B.   <u>Ineffective Assistance of Counsel</u>

Petitioner argues that his sentence is otherwise subject to collateral attack because his counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984).  Although Petitioner did not raise an ineffective assistance of counsel claim on appeal, such claims may be the subject of a proper § 2255 petition despite a failure to seek direct review.  *See United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991).

Under *Strickland*, counsel's representation is ineffective where it falls "below an objective standard of

5

reasonableness," creating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance," *id*. at 690; and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." *Spencer v. Murray*, 18 F.3d 229, 232–33 (4th Cir. 1994).

With respect to the first prong of the *Strickland* test, the performance prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. The Supreme Court has elaborated on the deference due to counsel's performance, explaining that:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong

6

> presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* (quotation marks and internal citations omitted). With respect to the second prong, the prejudice prong, "a reasonable probability [of prejudice] is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Under both prongs, this Court evaluates "the reasonableness of counsel's performance . . . from counsel's perspective at the time of the alleged error and in light of all the circumstances . . . ." *Hooper*, 845 F.2d at 476 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)).

Petitioner raises two arguments with respect to his counsel's performance. First, he contends that counsel was ineffective in failing to object to his consolidated trial and consolidated appeal. (Pet. at 5.) Second, he states: "my lawyer did not listen to my side of the story or facts. I was not allowed to present an adequate defense." (Pet. at 5.) The Court will consider each claim in turn.

The Court turns first to Petitioner's claims regarding his consolidated trial. Federal Rule of Criminal Procedure 8(b) provides that "the indictment or information may charge 2 or more defendants if they are alleged to have participated in the

7

same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Pursuant to Federal Rule of Criminal Procedure 14, if consolidation for trial "appears to prejudice a defendant or the government, the court may order separate trials or counts, sever the defendants' trials, or provide any other relief that justice requires." Fed R. Crim. P. 14(a). Federal Rule of Criminal Procedure 12(e) provides that a Rule 14 motion to sever charges or defendants must be raised before trial. Fed. R. Crim. P. 12(e).

Here, no Rule 14 motion to sever defendants was made before trial. Nevertheless, Petitioner argues that he objected to the consolidated jury trial, but his counsel "never made any effort to relate these objections to this Court." (Pet. Mem. in Support [457] at 4.) Additionally, Petitioner contends that the appeal filed by his counsel was "again consolidated with the three other co-defendants and was weak to say the least." (*Id.*) There is no evidence on record that Defendant objected to the consolidated trial or that counsel failed to communicate his objection. Even viewing these assertions in the light most favorable to Petitioner, however, Petitioner fails under the second prong of *Strickland*. Petitioner has made no showing that but for counsel's alleged error, the outcome of his case would have been different. *Strickland*, 466 U.S. at 694. Because

Petitioner fails to articulate any prejudice resulting from the consolidated trial and appeal, this claim fails.

The Court now turns to Plaintiff's claim that he was not allowed to present an adequate defense. Plaintiff alleges only that "my lawyer did not listen to my side of the story or facts. I was not allowed to present an adequate defense." (Pet. at 5.) Plaintiff has not provided any evidence or argument regarding what defense he was allegedly unable to present. Moreover, on the record before the Court it does not appear that counsel's conduct fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 694. As detailed in Philips' November 4, 2011 response regarding ineffective assistance of counsel, counsel met with Petitioner on numerous occasions to review case materials and prepare for trial. (Counsel's Resp. [Dkt. 128] ¶¶ 1, 2, 12.) Counsel also submitted a number of objections to the Presentence Report. [Dkt. 372.] Thus, the record contains evidence that defense counsel provided professionally competent assistance.

Moreover, as above, even if Petitioner were able to satisfy the first prong of *Strickland*, he fails under the second. Petitioner does not provide any evidence or argument regarding how the outcome of his case would have been different but for counsel's error. Accordingly, this claim fails.

9

**IV.   Conclusion**

For the foregoing reasons, the Court will deny Petitioner's Motion.

An appropriate Order will issue.

```
                                         /s/
March 26, 2014                      James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE
```